UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>CHEMENCE, INC., an Ohio corporation,<br><br>    Defendant. | **Case No. 1:16-cv-228**<br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1.     The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendant's acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

1

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 53(b), and other applicable provisions.

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1), (b)(2), (c)(2), and (d), and 15 U.S.C. § 53(b).

## PLAINTIFF

4.      The FTC is an independent agency of the United States Government created by statute.   15 U.S.C. §§ 41-58.   The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

5.      The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.   15 U.S.C. § 53(b).

## DEFENDANT

6.      Defendant Chemence, Inc. ("Chemence") is an Ohio corporation with its principal place of business at 185 Bluegrass Valley Parkway, Alpharetta, GA 30005.   Chemence transacts or has transacted business in this district and throughout the United States.   At all times material to this Complaint, acting alone or in concert with others, Chemence has advertised, marketed, distributed, or sold cyanoacrylate glues to consumers throughout the United States.

## COMMERCE

7. At all times material to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S BUSINESS ACTIVITIES

8. Defendant advertises, labels, offers for sale, and distributes products to consumers, including, but not limited to, cyanoacrylate glues.   Cyanoacrylates are strong, fast-acting adhesives, also known as "power glues" or "superglues," with industrial, medical, and household uses.   Defendant advertises these products in stores and on its website, www.chemence-us.com, and offers for sale, sells, and distributes them directly to the public throughout the United States.

9. Defendant provides third parties with marketing materials so third parties can market and sell Defendant's own products.

10. Defendant manufactures rebranded, private-labeled products sold under retailer brand names, and provides those retailers with marketing materials for use in the marketing and sale of rebranded, private-labeled products.

11. To induce consumers to purchase cyanoacrylate glues, Defendant has disseminated, or has caused to be disseminated, advertisements, packaging, and promotional materials for its products.   These materials contain the following statements, among others:

3

      A.    "Proudly Made in the USA";

 

(Kwik-Frame Product Packaging; Chemence Product Packaging)

      B.    "Made in the USA."



(Chemence Product Packaging)

12.     In numerous instances, including, but not limited to, the promotional materials referenced in Paragraph 11, Defendant has represented that its cyanoacrylate glue products, including raw materials, are all or virtually all made in the USA.

13.     In fact, a significant proportion (approximately 55%) of the cost of the chemical inputs to Defendant's cyanoacrylate glue products is attributable to imported chemicals, and these imported chemicals are essential to the function of Defendant's glue products.

14.     Therefore, Defendant's claims that its cyanoacrylate glues are made in the USA deceive consumers because Defendant's products are actually made in the USA with domestic and imported materials.

4

## VIOLATIONS OF THE FTC ACT

15.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

16.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### Count I (False or Misleading Representation)

17.     Through the means described in Paragraphs 11 and 12, Defendant has represented, directly or indirectly, expressly or by implication, that its cyanoacrylate glue products, including the materials used to make such products, are all or virtually all made in the United States.

18.     In truth and in fact, Defendant's cyanoacrylate glue products, including the materials used to make such products, are not all or virtually all made in the United States.

19.     Therefore, the making of the representation as set forth in Paragraph 17 of this Complaint constitutes a deceptive act or practice, in or affecting commerce in violation of Section 5(a) of the FTC Act.

### Count II (Means and Instrumentalities)

20.     As described in Paragraph 10, Defendant has distributed the promotional materials described in Paragraphs 11 and 12 to third-party retailers for use in the marketing and sale of Defendant's products, including rebranded products.

21.     In so doing, Defendant has provided the means and instrumentalities to these third-party retailers for the commission of deceptive acts or practices.

5

22.     Therefore, Defendant's practices, as described in Paragraphs 20 and 21, constitute deceptive acts or practices in violation of Section 5 of the FTC Act.

## CONSUMER INJURY

23.     Consumers have suffered and will continue to suffer substantial injury as a result of Defendant's violations of the FTC Act.   In addition, Defendant has been unjustly enriched as a result of its unlawful acts or practices.   Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

24.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC.   The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

## PRAYER FOR RELIEF

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

A.     Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to, temporary and preliminary injunctions;

B.    Enter a permanent injunction to prevent future violations of the FTC Act by Defendant;

C.    Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendant's violations of the FTC Act, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

D.    Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

Dated: 02/01/2016

JULIA SOLOMON ENSOR
COLIN D. A. MACDONALD
Federal Trade Commission
600 Pennsylvania Ave. NW
Mail Stop CC-9528
Washington, D.C. 20580
(202) 326-2377 (Ensor)
(202) 326-3192 (MacDonald)
(202) 326-3197 (Fax)
jensor@ftc.gov
cmacdonald@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

7