UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

FEDERAL TRADE COMMISSION,          )
                                   )
                    Plaintiff,     )
                                   )        Case No.:  1:16-cv-228
            v.                     )        Judge Gaughan
                                   )        Magistrate Judge McHargh
CHEMENCE, INC.                     )
                                   )
                    Defendant.     )

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

## DEMAND FOR JURY TRIAL

## ANSWER

Defendant, Chemence, Inc. ("Chemence"), by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's, Federal Trade Commission, ("FTC") Complaint, denying all allegations not specifically admitted herein, and states as follows:

1.     Admitted that this is an action for alleged violations of Section 13(b) of the Federal Trade Commission Act ("FTC Act") and that the FTC is seeking a variety of remedies for alleged violations of Section 5(a) of the FTC Act. Otherwise denied.

2.     Admitted.

1

3.      Admitted.

4.      The allegations in paragraph 4 are legal conclusions to which no response is required. Otherwise denied.

5.      The allegations in paragraph 5 are legal conclusions to which no response is required. Otherwise denied.

6.      Admitted.

7.      The allegations in paragraph 7 are legal conclusions to which no response is required. Otherwise denied.

8.      It is admitted Chemence labels, offers for sale, and distributes products whereby the end users are consumers, including, but not limited to, cyanoacrylate glues. It is admitted cyanoacrylates are strong, fast-acting adhesives, also known as "superglues," with industrial, medical, and household uses. Chemence denies it advertises these products in stores and on its website, www.chemence-us.com, and further denies it offers for sale, sells, and distributes them directly to the public throughout the United States.

9.      Denied.

10.     Chemence admits to manufacturing some private-labeled products sold under its customer brand names.  Otherwise denied.

11.     Denied.

12.     Chemence admits that it has placed "MADE IN THE USA" on certain packaging for products that are actually manufactured in the United States.  Otherwise denied.

13.     Denied.

14.     Denied.

15.     The allegations in paragraph 15 are legal conclusions to which no response is required. Otherwise denied.

16.     The allegations in paragraph 16 are legal conclusions to which no response is required. Otherwise denied.

17.     Denied.

18.     Denied.

19.     The allegations in paragraph 19 are legal conclusions to which no response is required. Otherwise denied.

20.     Denied.

21.     Denied.

22.     The allegations in paragraph 22 are legal conclusions to which no response is required. Otherwise denied.

23.     Denied.

24.     The allegations in paragraph 24 are legal conclusions to which no response is required. Otherwise denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

25.     The FTC has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

26.     The FTC failed to take any action for over 20 years, and therefore its claims are barred by laches.

### Third Affirmative Defense

27.     Damages, if any, were caused by the Plaintiff's failure to act.

## Fourth Affirmative Defense

28.     Plaintiff's claim for False or Misleading Representation fails because it is unsupported by existing law.

## Fifth Affirmative Defense

29.     Plaintiff's claim for Means and Instrumentalities fails because it is unsupported by existing law.

## Sixth Affirmative Defense

30.     Plaintiff's claims are barred because it has not and cannot show that consumers, the public or anyone else sustained any injury or harm.

## Seventh Affirmative Defense

31.     Plaintiff's claims fail because Chemence's actions did not cause injury to consumers, the public or anyone else and Chemence did not "reap unjust enrichment."

## Eighth Affirmative Defense

32.     Plaintiff's claims are barred by 15 U.S.C. § 57b(d).

## Ninth Affirmative Defense

33.     Chemence labels certain products as "Made in the USA" when such product is synthesized, formulated, manufactured and packaged by Chemence at its U.S. facility in Alpharetta, Georgia.  The adhesive manufacture of these superglue products goes through a substantial transformation of the starting materials to create a new chemical that contains only trace amounts of foreign chemicals (less than 1%), which is de minimis.

## Tenth Affirmative Defense

34.     Chemence reserves the right to amend to add additional affirmative defenses as they become apparent.

4

WHEREFORE, Chemence denies that the FTC is entitled to any relief and respectfully requests that this Court find in favor of Chemence, Inc. and against the Federal Trade Commission, deny the FTC's prayer for relief, dismiss this action with prejudice and award Chemence, Inc. attorney fees, costs and expenses, plus any additional relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and N.D. Ohio Civ. R. 38.1, Defendant hereby demands a jury trial on all issues so triable.


DATED: February 22, 2016.                    Respectfully submitted,



/s/ Robert D. Wilson
Robert D. Wilson – Reg. # 0003366
Wilson & Wilson Co., L.P.A.
16716 Chillicothe Road, Suite 100
Chagrin Falls, Ohio 44023-4529
Telephone:  440-708-0445
Facsimile:   440-708-0511
E-mail:  rdwilson@wwcolpa.com

/s/ Michael J. Wilson
Michael J. Wilson – Reg. # 0088311
Wilson & Wilson Co., L.P.A.
16716 Chillicothe Road, Suite 100
Chagrin Falls, Ohio 44023-4529
Telephone:  440-708-0445
Facsimile:   440-708-0511
E-mail:  mjwilson@wwcolpa.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 22, 2016, the foregoing Defendant's Answer was filed with the Clerk of Court using the CM/EFC system which will send notification of such filing to registered counsel electronically.

/s/ Robert D. Wilson
Robert D. Wilson