UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>    Plaintiff,<br><br>    v.<br><br>CHEMENCE, INC., an Ohio corporation,<br><br>    Defendant. | Case No. 1:16-cv-228-PAG<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), for a permanent injunction and other equitable relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b).  The Commission and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

1

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of cyanoacrylate glue as "Made in the USA" or "Proudly Made in the USA."

3. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4. Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5. Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A. "**Clear(ly) and conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

    1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a

television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. On a product label, the disclosure must be presented on the same display panel as the claim being qualified.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

B.   "**Made in the United States**" shall mean any representation, express or implied, that a Product or Service, or a specified component thereof, is of U.S.-origin, including, but not limited to, a representation that such Product or Service is "made," "manufactured," "built," or "produced" in the United States, or any other U.S.-origin claim.

C.   "**Product or Service**" means any good or service offered by Defendant.

## ORDER

### I. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendant, and Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of cyanoacrylate glue or any other Product or Service are permanently restrained and enjoined from misrepresenting, expressly or by implication, that a Product or Service is Made in the United States, unless:

1. The final assembly or processing of the product occurs in the United States, all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced in the United States; or

2. A clear and conspicuous qualification appears immediately adjacent to the representation that accurately conveys the extent to which the product contains foreign parts, ingredients, and/or processing.

## II.  MEANS AND INSTRUMENTALITIES

IT IS FURTHER ORDERED that Defendant, and Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of cyanoacrylate glue or any other Product or Service must not provide to others the means and instrumentalities with which to make any representation prohibited by Part I above.   For the purposes of this Part, "means and instrumentalities" means any information, including, but not necessarily limited to, any advertising, labeling, promotional, sales training, or purported substantiation materials, for use by trade customers in its marketing of any Product or Service.

## III.   MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A. Judgment in the amount of Two Hundred Twenty Thousand ($220,000) is entered in favor of the Commission against Defendant as equitable monetary relief.

B. Defendant is ordered to pay to the Commission Two Hundred Twenty Thousand ($220,000), which, as Defendant stipulates, its undersigned counsel holds in escrow for no purpose other than payment to the Commission.   Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

C. Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D. The facts alleged in the Complaint will be taken as true, without further proof, in any

5

subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

E.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

F.     Defendant acknowledges that its Taxpayer Identification Numbers (Employer Identification Numbers), which Defendant must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

G.      All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## IV. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A.  Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 5 years after entry of this Order, Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.   Delivery must occur within 7 days of entry of this Order for current personnel.   For all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## V. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A.  One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury.  Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

(c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.  For 20 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (a) any designated point of contact; or (b) the structure of Defendant any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.  Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington,

DC 20580. The subject line must begin: FTC v. Chemence, Inc.

## VI. RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendant must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

D. A copy of each unique advertisement or other marketing material;

E. All materials that were relied upon in disseminating the representation; and

F. All tests, reports, studies, surveys, demonstrations, or other evidence in its possession or control that contradict, qualify, or call into question the representation, or the basis relied upon for the representation, including complaints and other communications with consumers or with governmental or consumer protection organizations.

## VII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, Defendant must: submit additional compliance reports or other requested information, which

must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, the Commission is authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.  The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VIII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this** 13th **day of** October, 2016.

/s/ Patricia A. Gaughan
-----------------------
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

_____    Date: 10/6/2016
Julia Solomon Ensor
Colin D. A. MacDonald
Federal Trade Commission
600 Pennsylvania Ave. NW
Mail-Stop CC-9528
Washington, DC 20580
202-326-2377 (Ensor)
202-326-3192 (MacDonald)
202-326-3197 (Fax)
jensor@ftc.gov
cmacdonald@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**FOR DEFENDANT:**

_/s/ Lisa A. Messner_                        Date: 8/2/16
Helen Mac Murray – Reg. # 0038782
Lisa A. Messner – Reg. # 0074034
Erika Frank – Reg. # 0095179
Mac Murray, Petersen & Shuster LLP
6530 West Campus Oval, Suite 210
New Albany, Ohio 43054
Telephone: 614-939-9955
Facsimile: 614-939-9954
E-mail: hmacmurray@mpslawyers.com
E-mail: lmessner@mpslayers.com
E-mail: efrank@mpslawyers.com

Attorneys for Defendant
CHEMENCE, INC.


**DEFENDANT:**    Chemence, Inc.

_/s/ Hugh Cooke_                        Date: August 2, 2016
Hugh Cooke
President, Chemence, Inc.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>    Plaintiff,<br><br>    v.<br><br>CHEMENCE, INC., an Ohio corporation,<br><br>    Defendant. | Case No. 1:16-cv-228-PAG<br><br>**ACKNOWLEDGMENT BY AFFIDAVIT OF RECEIPT OF ORDER BY DEFENDANT CHEMENCE, INC.** |

1.  My name is _____, my job title is _____, and I am authorized to accept service of process on Chemence, Inc..   I am a U.S. citizen over the age of eighteen, and I have personal knowledge of the facts set forth in this Acknowledgment.

2.  Chemence, Inc. was a Defendant in *FTC v. Chemence, Inc.*, which is the court case listed near the top of this page.

3.  On [_____ ___, 201_], Chemence, Inc. received a copy of the Stipulated Order for Permanent Injunction and Monetary Judgment, which was signed by the Honorable Patricia A. Gaughan and entered by the Court on [_____ ___, 201_].   The copy of the Order attached to this Acknowledgment is a true and correct copy of the Order it received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed on [_____ __, 201_].


                                              [NAME]
                                              [*Officer*] of Chemence, Inc.

State of _____, City of _____

Subscribed and sworn to before me
this _____ day of _____, 201__.


_____
    Notary Public

    My commission expires:
                                              _____

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>     Plaintiff,<br><br>     v.<br><br>CHEMENCE, INC., an Ohio corporation,<br><br>     Defendant. | Case No. 1:16-cv-228-PAG<br><br>**ACKNOWLEDGMENT BY DECLARATION OF RECEIPT OF ORDER BY NON PARTY** |

I, _____, received a copy of the Stipulated Order for Permanent Injunction and Monetary Judgment, in *FTC v. Chemence, Inc.*, on  _____ \_\_\_, 20\_\_\_.

I was not a Defendant in that court case. My title or relationship with Defendant Chemence, Inc. is _____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on \_\_\_\_\_ \_\_,  20\_\_.

Signed: